**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50346 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02145-BEN-1 |
| v. | |
| DOUGLAS JOHN MILLER, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted March 11, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Douglas John Miller, Jr. appeals the district court's finding that he

committed an assault in violation of the terms of his supervised release. He argues

that the district court violated his due process right to confront witnesses at his

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

revocation hearing by admitting hearsay testimony of the victim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To determine whether to admit hearsay testimony that implicates a defendant's right to confront witnesses in a revocation hearing, the district court must "weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). In considering the releasee's interest in confronting the witness, the court looks to "the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence." *Id.* at 1171. Here, circumstantial evidence strongly supported the victim's statement identifying Miller. Miller was present at the scene of the assault, with blood on his shoes, and seated near a trail of fresh blood leading directly to the site of the beating. The circumstances in which the victim made his statement further suggest reliability: he made the statement nearly contemporaneously with the incident, while his face was still bloody. Because these factors corroborate the victim's statement, they diminish Miller's interest in confronting him.

Correspondingly, the government's attempts to secure the victim's in-court testimony were adequate. The victim had already informed local police that he did

not wish to proceed with legal action after the assault occurred. The government nonetheless attempted to reach him before the revocation hearing. An officer identified and visited the victim's last-known address, but the victim no longer lived there. She then called the victim's last-known phone number but reached a recorded message. Finally, the officer ran the victim's information through a law enforcement database but found no other addresses or phone numbers for him.

Given the evidence corroborating the victim's out-of-court statement and the government's efforts to reach him, we conclude that the district court properly admitted the hearsay testimony.

**AFFIRMED.**